United States District Court
Southern District of Texas

**ENTERED**

April 06, 2023

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARGARITO TORRES CARRIZAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | MISC. ACTION NO. 7:12-MC-00708 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Petitioner Margarito Torres Carrizal, a state prisoner proceeding pro se, attempted to file a habeas corpus petition pursuant to 28 U.S.C. § 2254. (Docket No. 1-1.)[1] Along with his petition, Petitioner filed an application to proceed without paying fees or costs; however, it appeared to be deficient. (*See* Docket No. 1.) Petitioner was alerted to the deficiency in his application to proceed in forma pauperis, but he failed to respond. In fact, Petitioner has not taken any action in this case in over ten (10) years. Given these circumstances, the undersigned recommends that this miscellaneous action be dismissed for failure to prosecute.

## I. BACKGROUND

In 2006, a grand jury in Hidalgo County, Texas, returned two indictments against Petitioner for his role in the murder of two individuals. Petitioner ultimately pleaded guilty in both cases, and he was sentenced to two concurrent 25-year sentences.[2] In his petition seeking federal habeas

---

[1] Unless otherwise noted, the information in this report is taken from the instant miscellaneous action.

[2] The facts of the murders and the procedural history of the underlying criminal proceedings are summarized in detail in a report addressing another of Petitioner's § 2254 habeas petitions. *Carrizal v. Stephens*, 7:13-cv-80 (S.D. Tex. 2013) (Docket No. 13, at 2-4.)

relief, Petitioner makes clear his intention of challenging both of his previous murder convictions in the 275th District Court of Hidalgo, Texas.  (Docket No. 1-1, at 2 (¶¶ 1, 4).)  He claimed that his attorney rendered ineffective assistance of counsel by failing to investigate his mental health, that his guilty plea was involuntary, and that there was fraud involved in securing his conviction.[3] (*Id*. at ¶ 20 (Grounds One through Three).)

As noted, along with his petition he also filed an application to proceed without paying fees or costs, including (as required) a certified copy of his inmate trust fund account statement. (Docket No. 1.)  However, Petitioner's inmate trust fund account statement reflected that over the previous six months he had deposits totaling $375.  (*Id.* at 3.)  In addition, Petitioner disclosed that "within the last 12 months," he had received $820 from family and friends.  (*Id.* at 1.)  Given the funds at his disposal, Petitioner was informed that "it is clear from the statement showing [the] funds in his inmate trust account over the past six months that he has access to sufficient funds to pay the $5 filing fee."  (Docket No. 2.)  Petitioner was directed to either pay the fee or file additional evidence in support of his application "within thirty (30) days."  (*Id.* at 2.)  Petitioner failed to respond to the order, and he has taken no further action in this case.  In fact, other than filing his initial pleading, Petitioner has not communicated with the Court in over ten (10) years.

## II.  ANALYSIS

Petitioner's action is subject to dismissal for failure to prosecute.  Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order."  FED. R. CIV. P. 41(b).  Such a dismissal may be made upon motion by the opposing party or on the court's own motion.  *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127

---

[3] Petitioner's three claims are similar—if not identical—to the claims he raised in his other § 2254 petition. (*Compare* Docket No. 1-1, ¶ 20, *with Carrizal v. Stephens*, 7:13-cv-80 (S.D. Tex. 2013) (Docket No. 1, ¶ 20).)

(5th Cir. 1988).  While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'"  *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Federal law requires the Clerk to collect a $5 filing fee for a person seeking to file a § 2254 habeas corpus action in federal court.  28 U.S.C. § 1914(a).  A person may be permitted to proceed in forma pauperis (without paying the filing fee) by submitting an affidavit disclosing all of his assets to show that he is unable to pay the filing fee.  *See* 28 U.S.C. § 1915(a)(1).  As the Fifth Circuit has explained, "there is no absolute 'right' to proceed in a civil action without paying a filing fee; this is a procedural privilege that Congress may extend or withdraw." *Strickland v. Rankin Cnty. Corr. Facility*, 105 F.3d 972, 975 (5th Cir. 1997).

Here, Petitioner has neither paid the filing fee, nor shown that he is unable to do so.  To make matters worse, he failed to comply with the court order that he either pay the $5 filing fee or submit a properly-supported application.

This habeas corpus action should be dismissed for failure to prosecute because Petitioner failed to pay the filing fee, failed to submit a properly-supported application, and failed to comply with a court order.  *Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (affirming District Court's dismissal of a § 2241 habeas action where the petitioner failed to pay the $5 filing fee and failed to comply with the court's orders); *see also McCray v. FBI*, No. 11-cv-87, 2011 WL 621679, at *1 (N.D. Tex. Feb. 15, 2011) (dismissal of a writ of mandamus action where Plaintiff failed to pay the civil filing fee); *see also Greathouse v. Tex. Dep't of Criminal Justice*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights complaint where the plaintiff failed to comply with the court's order to pay a filing fee).  It appears that no lesser

sanction is available, since Petitioner failed to comply with the Court's order and has taken no other action in this case.[4] *See Hulsey*, 929 F.2d at 171; *Martin*, 405 F. App'x at 860.

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Docket No. 1-1) be DENIED and that this miscellaneous action be DISMISSED for failure to prosecute.  It is further recommended that Petitioner be denied a certificate of appealability.

### CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, the recently-amended § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11, RULES GOVERNING SECTION 2254 PROCEEDINGS.  Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability (COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  To warrant a COA as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484

---

[4] A copy of this Report will be sent to Petitioner at the address he provided.  Should Petitioner respond to the Report by complying with the prior order (Docket No. 2), the District Court may then wish to consider whether less drastic sanctions might be appropriate.

(2000); s*ee also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* standard to a COA determination in the context of a habeas corpus proceeding).  An applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *see also Jones*, 287 F.3d at 329.  As to claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

Here, Petitioner's § 2254 claims should be dismissed on procedural grounds.  For the reasons explained in this report, the undersigned believes that reasonable jurists would not find debatable the conclusion that Petitioner's miscellaneous action should be dismissed based on failure to prosecute.  Accordingly, Petitioner is not entitled to a COA.

## NOTICE

The Clerk shall send a copy of this Report and Recommendation to Petitioner, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

SO ORDERED, the 6th of April, 2023 at McAllen, Texas.

NADIA S. MEDRANO
United States Magistrate Judge